UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY K. JONES<br>Kendall Law Group<br>3232 McKinney, Suite 700<br>Dallas, TX 75204,<br><br>                Plaintiff,<br><br>   vs.<br><br>U.S. DEPARTMENT OF JUSTICE<br>Executive Office for United States Attorneys<br>600 E Street NW, Suite 7300, Bicentennial Building<br>Washington, DC 20530-0001,<br><br>                Defendant. | Civil No. |

**COMPLAINT FOR INJUNCTIVE RELIEF**

907746_1

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, for injunctive and other appropriate relief, and seeking the expedited processing and release of agency records requested by plaintiff Mary K. Jones from defendant United States Department of Justice, Executive Office of United States Attorneys.

## JURISDICTION AND VENUE

2.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§552(a)(4)(B), (a)(6)(E)(iii). This Court also has jurisdiction over this action pursuant to 28 U.S.C. §1331. Venue lies in this District under 5 U.S.C. §552(a)(4)(B).

## THE PARTIES

3.      Plaintiff Mary K. Jones ("Jones") is a class representative of the class action securities fraud case pending against Pfizer Inc. ("Pfizer" or the "Company") and certain of its current and former executives and board members. The case is captioned as *Jones v. Pfizer Inc., et al.*, No. 1:10-cv-03864-AKH (S.D.N.Y.). In that action, Jones alleges, *inter alia*, that Pfizer failed to adequately disclose the Department of Justice's ("DOJ") criminal and civil investigations of the Company's alleged unlawful off-label promotion of Bextra and other drugs.

4.      Defendant is the U.S. Department of Justice, Executive Office for United States Attorneys (also referred to herein as the "DOJ"). The DOJ's components include the United States Attorney's Office for the District of Massachusetts. The DOJ is an agency within the meaning of 5 U.S.C. §552(f).

## IMPORTANT NON-PARTY

5.      Stichting Philips Pensioenfonds ("Stichting") is a class representative of the class action securities fraud case pending against Pfizer and certain of its current and former executives and board members. The case is captioned as *Jones v. Pfizer Inc., et al.*, No. 1:10-cv-

- 1 -

907746_1

03864-AKH (S.D.N.Y.).  In that action, Stichting alleges, *inter alia*, that Pfizer failed to adequately disclose the DOJ's criminal and civil investigation of the Company's alleged unlawful off-label promotion of Bextra and other drugs.  Stichting has reviewed a draft of this pleading and supports seeking injunctive relief against the DOJ in the interests of the certified plaintiffs' class in the *Jones v. Pfizer* litigation.

## THE DOJ'S INVESTIGATION OF PFIZER

6.  It is unlawful for Pfizer to promote a pharmaceutical product in the U.S. to treat an illness or indication that has not been previously approved by the U.S. Food and Drug Administration ("FDA").  21 U.S.C. §§352(n), 321(n); 21 C.F.R. §§202.1(e)(5)(iii), (e)(6)(i), (e)(7)(viii).  Doing so is generally considered "off-label" promotion because the indications or illnesses for which the product is promoted are not explicitly authorized by language contained in the FDA-approved label for the product.

7.  In 2003 and 2004, Pfizer received requests for information and documents from the DOJ concerning, *inter alia*, the alleged promotion of the drug Bextra.  Between 2005 and 2008, the DOJ's investigation into the Company's alleged unlawful promotion expanded to include other Pfizer pharmaceutical products such as Zyvox, Lyrica and Geodon.  During this time period, Pfizer received additional requests for information and documents from the DOJ relating to the alleged off-label promotion of Zyvox, Lyrica and Geodon.

8.  On January 26, 2009, Pfizer disclosed that it had taken a $2.3 billion charge to income resulting from an agreement in principle to resolve the DOJ's criminal and civil investigation into the alleged unlawful promotion of Bextra, Zyvox, Lyrica and Geodon.

9.  As part of the DOJ's investigation, Pfizer produced hundreds-of-thousands, if not millions, of pages of documents to the DOJ.  These documents are relevant to the claims and defenses in the *Jones v. Pfizer* case pending in the U.S. District Court for the Southern District of

New York. Upon information and belief the DOJ maintains these records in a readily accessible format in centralized locations in Washington, D.C. and/or Boston, Massachusetts.

### PLAINTIFF'S FOIA REQUEST CONCERNING THE DOJ'S INVESTIGATION OF PFIZER

10. On March 1, 2013, plaintiff's counsel wrote to the DOJ and requested under FOIA the processing and production of the following agency records:

(a) Written correspondence between the United States Attorney for the District of Massachusetts (*i.e.*, Michael J. Sullivan and/or Michael K. Loucks (acting)), and/or any Assistant United States Attorney for the District of Massachusetts (*e.g.*, Sara Bloom and Susan Poswistilo), and Pfizer, Inc. ("Pfizer") or any legal representative of Pfizer (including Pfizer's outside counsel) concerning the investigation of alleged off-label promotion of Bextra, Zyvox, Geodon and Lyrica;

(b) Presentation materials utilized by any representative of the United States Attorney's Office for the District of Massachusetts or Pfizer (or any of Pfizer's legal representatives) during meetings with Pfizer and/or Pfizer's legal representatives concerning the investigation of alleged off-label promotion of Bextra, Zyvox, Geodon and Lyrica; and

(c) Presentation materials utilized by any representative of the United States Attorney's Office for the District of Massachusetts or Pfizer (or any of Pfizer's legal representatives) during meetings with Pfizer and/or Pfizer's legal representatives concerning the structure, or financial ranges, recommended by the United States Attorney's Office for the District of Massachusetts (or the Department of Justice) for resolution of the above-referenced cases.

11. By letter dated April 18, 2013, the DOJ granted processing of plaintiff's FOIA request.

12. By e-mail dated August 1, 2013, the DOJ informed plaintiff's counsel that plaintiff's request was considered to be a "Project Request" that could take up to nine months from April 18, 2013 (*i.e.*, until January 18, 2014) to complete processing.

13. On January 13, 2014, plaintiff's counsel sent an e-mail to DOJ official Kathleen Brandon ("Brandon") to determine the status of plaintiff's FOIA request.

14. On January 14, 2014, plaintiff's counsel left a voice message with DOJ official Brandon to inquire on the status of plaintiff's FOIA request.

15. On January 14, 2014, plaintiff's counsel faxed a letter to DOJ official Brandon requesting the agency to confirm that plaintiff's FOIA request would be processed by January 18, 2014.

16. On January 16, 2014, the DOJ informed plaintiff's counsel that it was "still reviewing [the] request" and failed to confirm that the request would be processed by January 18, 2014.

17. To date, the DOJ has failed to adequately respond to plaintiff's counsel's January 13 and 14, 2014 inquiries and plaintiff's March 1, 2013 FOIA request.

18. On January 16, 2014, plaintiff's counsel e-mailed draft copies of this pleading and a motion to compel to DOJ official Brandon. In that e-mail, plaintiff's counsel informed Brandon that plaintiff would commence an injunctive action against the DOJ during the week of January 20, 2014 unless the DOJ confirmed in writing that it would complete its processing of plaintiff's FOIA request and produce all non-exempt documents by no later than February 20, 2014.

19. On January 17, 2014, plaintiff's counsel and DOJ officer Susan Gerson ("Gerson") conducted a telephone call during which the DOJ assured that the agency would begin processing plaintiff's FOIA request including carbon copying plaintiff's counsel on all communications to Pfizer regarding the documents and information sought by plaintiff. In exchange, plaintiff's counsel stated they would defer commencement of any legal proceedings to enforce their rights under FOIA.

20.     It is plaintiff's understanding that the DOJ is required to inform Pfizer which Pfizer documents Pfizer believe may be exempted from disclosure under FOIA. Accordingly, on January 17, 2014, plaintiff's counsel sent the DOJ a copy of the operative protective order concerning the Pfizer materials at issue, entered by United States District Judge Alvin K. Hellerstein, and another one of Judge Hellerstein's orders requiring that Pfizer produce all materials to the class in the *Jones v. Pfizer* action that the Company had previously produced to the DOJ as part of its investigation into alleged off-label promotion. As such, plaintiff's counsel informed the DOJ of its position that Pfizer would have no basis to assert any FOIA exemption to production.

21.     On February 10, 2014, plaintiff's counsel left a voice message with DOJ official Gerson to discuss the status of the processing of the FOIA request. On the same day, plaintiff's counsel sent an e-mail reiterating the request for a status update.

22.     The DOJ has failed to respond to plaintiff's February 10, 2014 inquires. Plaintiff's FOIA request has been outstanding for a year and the DOJ has not produced one piece of paper or come forward with any assertion of exemption from production under the FOIA.

## COUNT I
### The DOJ Has Violated FOIA by Failing to Process Plaintiff's Requests

23.     Plaintiff realleges the allegations contained in ¶¶1-22.

24.     The DOJ has failed to process plaintiff's FOIA requests within nine months.

25.     Plaintiff has a right of access to the requested records from the DOJ, and FOIA requires their disclosure. As they do not fall within any FOIA's exemptions from disclosure, defendant has no legal basis for withholding such records.

26.     Even if it were to be established that any of the requested records contained information exempt from disclosure under FOIA, plaintiff has a right of access to all reasonably

segregable non-exempt portions of such records, and FOIA requires their disclosure.  As they do not fall within any of FOIA's exemptions from required disclosure, defendant has no legal basis for withholding such portions of the records sought.

27. Plaintiff has exhausted applicable administrative remedies with regard to the above-referenced FOIA requests.

28. Plaintiff is entitled to expedited injunctive relief with respect to the processing of the requested documents.

**REQUESTED RELIEF**

WHEREFORE, plaintiff prays that this Court:

A. Order defendant DOJ to complete processing of responsive documents;

B. Establish a date certain by which defendant DOJ will file a *Vaughn* index:

C. Establish a date certain for defendant DOJ to file any dispositive motion on the merits;

D. Provide for expeditious processing in this action;

E. Award plaintiff her costs and reasonable attorneys' fees incurred in this action; and

F. Grant such other relief as the Court may deem just and proper.

DATED:  February 18, 2014                    ROBBINS GELLER RUDMAN
                                                                                        & DOWD LLP
                                                                                        NANCY M. JUDA
                                                                                        D.C. Bar No. 445787

                                                                                             s/ NANCY M. JUDA
                                                                                               NANCY M. JUDA

1100 Connecticut Avenue, N.W.
Suite 730
Washington D.C.  20036
Telephone: 202/822-6762
202/828-8528 (Fax)

Attorney for Plaintiff Mary K. Jones

907746_1